IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Betty Gallman and Ricardo Dewalt<br><br>PLAINTIFFS,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>DEFENDANT. | Civil Action No. 1:23-cv-00838-TLW<br><br>**ORDER** |

This is a *pro se* action brought by Plaintiff Betty Gallman ("Ms. Gallman") either on her on behalf, on behalf of Ricardo Dewalt, or on behalf of both.[1] After filing her complaint, she filed an application for *in forma pauperis* status. ECF No. 2. Both motions were referred to United States Magistrate Judge Shiva V. Hodges for review pursuant to 28 U.S.C. § 636(b)(1)(B). This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by the magistrate judge. ECF No. 10. No objections have been filed to the Report, and the deadline for filing them has now expired. It is therefore ripe for the Court's review.

The Report recommends that this Court deny Ms. Gallman's application for *in forma pauperis* status and dismiss her complaint without prejudice in accordance with Fed. R. Civ. P. 41, which provides dismissal for failure to prosecute, comply with the Federal Rules of Civil Procedure, or a court order. *Id.*

---

[1] As noted in the Report, "it is unclear whether [Ms. Gallman] is a plaintiff or has merely listed herself in the case caption as filing the case on Mr. Dewalt's behalf." ECF No. 10 at 1 n. 1.

at 4. The magistrate judge's recommendation is based Ms. Gallman's failure to file an amended complaint in accordance with two of the magistrate judge's prior proper form orders. *Id.*; *see also* ECF Nos. 6 & 7.

Ms. Gallman brings this action against the Commissioner of Social Security. ECF No. 1. The complaint was filed via a Social Security complaint form. *Id.* As outlined in the Report, Ms. Gallman's allegations, either on her own behalf or that of Mr. Dewalt, are vague, insufficient, and appear to be unrelated to any action taken by the Commissioner of Social Security.[2] *Id.* at 2. After reviewing the complaint, the magistrate judge issued an order advising Ms. Gallman that her complaint, as filed, had "failed to file a proper complaint." ECF No. 7 at 2. That same day the magistrate judge issued a second order which specifically outlined the deficiencies in Ms. Gallman's complaint as pled and directed her to amend her complaint. ECF No. 6. Ms. Gallman did not file an amended complaint correcting these deficiencies.

The Report concludes that Ms. Gallman's complaint is subject to dismissal for failure to comply with the magistrate judge's two prior orders. ECF No. 10 at 4. These orders noted (1) her complaint is not clear as to *who* the actual plaintiff is in this action, (2) the complaint as pled does not allege sufficient facts to invoke the federal subject matter jurisdiction, and (3) the complaint does not comply with requirements for Social Security complaints pursuant to Federal Rule of Civil

---

[2] For example, the complaint identifies Mr. Dewalt as the defendant, summarizes her statement of claim as "I sent medical record," identifies the date Ms. Gallman received notice of the Commissioner's final decision as "Social Security near me," and identifies the Commissioner's purported error as "mental, asthma, seizure." ECF No. 1 at 1–4. In her application for *in forma pauperis* status, Ms. Gallman states, "I take care of him," and the application is signed "Betty Gallman/Ricardo Dewalt" in the space for "Applicant's signature." ECF No. 2.

Procedure 2(b)(1) and the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g). ECF No. 6 at 4–10.

Ms. Gallman did not filed objections. The Court is charged with a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has carefully reviewed Ms. Gallman's complaint, the proper form orders, and the Report. As noted, the Report recommends dismissal without prejudice under Rule 41 of the Federal Rules of Civil Procedure for "fail[ure] to file an amended complaint or remedy the other deficiencies identified in the proper form order." ECF No. 10 at 3. For the reasons stated by the magistrate judge, the Report, ECF No. 10, is **ACCEPTED**. Ms.

Gallman's motion to proceed *in forma pauperis* is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                               <u>s/Terry L. Wooten</u>
                                            Senior United States District Judge

August 4, 2023
Columbia, South Carolina